UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| William Gilyard, III, ) | Civil Action No.: 1:03-1490-RBH |
| Plaintiff, ) | |
| ) | |
| ) | **ORDER** |
| Spencer Abraham, Secretary, U.S. ) | |
| Department of Energy, ) | |
| Defendant. ) | |

In this matter, the plaintiff filed an action in this Court, alleging he was discriminated against on the basis of his race (African-American) and that he was also subject to unlawful retaliation for having engaged in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Defendant Spencer Abraham filed his motion for summary judgment on June 1, 2004. Plaintiff filed a memorandum in opposition to defendant's motion for summary judgment on July 9, 2004. Defendant filed a reply memorandum on August 19, 2004.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bristow Marchant, to whom this case has previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In his Report, Magistrate Judge Marchant carefully considers these issues and recommends that the defendant's motion for summary judgment as to plaintiff's race discrimination failure to promote claim be granted, but that defendant's motion for summary judgment as to plaintiff's retaliation claim be denied. Plaintiff filed objections to the Report on December 30, 2004. Defendant filed objections to the Report on January 3, 2005. Additionally, the plaintiff filed a reply to defendant's objections on January 19, 2005.

1

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

**Facts**

The Court agrees with the factual and procedural background as set forth by the Magistrate Judge in his Report and Recommendation. The Court therefore adopts the Magistrate Judge's version of the facts in this case to the extent such facts are not specifically included herein.

Plaintiff is a federal employee working at the Savannah River Site ("SRS") near Aiken, South Carolina. Plaintiff has worked at SRS since 1989 and has been a Contractor Industrial Relations Specialist, a GS-14 position, since 1997. This action alleges discrimination and retaliation arising out of his continued failure to obtain a Personnel Officer position.

In 1995, Sara Larson retired from her position as Personnel Officer at SRS. At the time, the Human Resources Department, including the Personnel Officer position, was abolished and the personnel function was eventually assigned to a self-directed Human Resources Team. That team operated outside of the traditional supervisory structure and team leadership was rotated among the senior members of the team. By 1997, Deputy Manager Greg Rudy was dissatisfied with the operation of the team and asked Brent Armstrong (a Caucasian male) to take over responsibility of the human resources function. In August of 1997, the functions of the Office of Training and the Human Resources Team were consolidated into a new Human Resources Management and Development Division. Terry Frizzell (a Caucasian male) was named as the Director of this division.

2

The Director position is the equivalent of the prior Personnel Officer position with some additional training duties.

Prior to his reassignment as Director, Frizzell had been the Supervisory Training Program Administrator, a GS-15. Plaintiff concedes that there was no change in Frizzell's grade level, salary, or pay as a result of the reassignment. On September 23, 1998, Timothy Dirks, Deputy Assistant Secretary for Human Resources for the Department of Energy, approved classification of the position of Director, Human Resources Management and Development Division, SR, as Personnel Officer, a GS-15 position, and also determined that Frizzell met the qualifications for "non-competitive reassignment" to that position. On October 8, 1998, Stephen Perin, Director of Personnel Policy, Programs and Assistance for DOE, determined that Frizzell was qualified for the position of Personnel Officer at the SRS Operations Office. Allan Goldberg, Personnel Management Specialist with the Office of Personnel Management, also reviewed the reorganization and determined that Frizzell was qualified for the GS-15 Personnel Officer position at the time of his appointment.

## Summary Judgment Standard

Defendants filed their motion for summary judgment pursuant to Rule 56, FRCP. The moving party bears the burden of showing that summary judgment is proper. Summary Judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rules 56(c), FRCP; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. *Celotex*, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Electrical Industrial Co., Ltd.*

3

*v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Barber v. Hosp. Corp. of Am.*, 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at trial on the merits." *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

## Discussion

Both parties filed objections to the Report. Plaintiff alleges in his objections that the Magistrate Judge erred in finding no evidence of discriminatory intent, in finding Frizzell was qualified for the Personnel Officer position, and in finding no evidence of discriminatory animus. Defendant alleges in his objections that this case is more properly classified as a non-selection case rather than a failure to promote case and that plaintiff failed to establish a causal connection between the 1992 selection of Sara Larson and the alleged retaliation in the instant case.

**Evidence of Discriminatory Intent**

The plaintiff alleges that the Magistrate Judge improperly found there to be no evidence of discriminatory intent sufficient to establish pretext. Specifically, the plaintiff alleges that "the Magistrate Judge failed to draw inferences of racial discrimination and intent to discriminate from the facts that Brent Armstrong and DOE-SR offered only a 'personnel only' Personnel Office position to Frank Wright, an Africa-American male." (Plaintiff's Objections p. 1) Plaintiff argues that there are three reasons why Armstrong's offer of the "personnel only" position to Wright raises an

4

inference of racial discrimination.  First, the plaintiff alleges that the "personnel only" position was a demotion for Wright.  Second, the "full" personnel position was offered only to Frizzell, a white male.  Third, the "full" personnel position (the position after reorganization which included both personnel and training functions) was "forced" on Frizzell "who did not want it."  (Plaintiff's Objections p. 2) Plaintiff argues that this is compelling circumstantial evidence sufficient to establish unlawful discrimination.

To establish pretext, plaintiff must show that "but for" his employer's discriminatory intent, he would not have suffered the adverse employment action.  *EEOC v. Clay Printing*, 955 F.2d 936, 941 (4th Cir. 1991); *Conkwright v. Westinghouse*, 933 F.2d 231, 234 (4th Cir. 1991).  "Direct or indirect evidence of discriminatory motive may do, but the 'evidence as a whole . . . must be sufficient for a reasonable fact-finder to infer that the employer's decision was motivated by [race animus].'"  *LeBlanc v. Great American Ins. Co.*, 985 F.3d 113, 117 (1st Cir. 1993).

At the time Wright was offered the personnel office position at issue, he was the Deputy to the Assistant Manager for Business and Logistics.  (Admin. Rec. p. 52)  According to the hearing transcript testimony of Sandra Coleman, Personnel Management Specialist in the Human Resources Management and Development Division at SRS, when he was offered the position it appeared to her that Wright

> was flattered, that he felt like it was a vote of confidence because of, you know, us asking him.  And as I recall, it was like he wanted to think about it.  He came back and he declined because he said that, you know, he knew–well, as far as his career path, he was just not wanting to go that route of getting the HR function.

(Admin. Rec. p. 53)  Plaintiff relies on Wright's testimony when questioned that he "viewed [the personnel officer's position] as a step backwards."  (Admin. Rec. 577)  He further elaborated:

> Well, that function and activity was one that I had performed.  I was, at that time, the deputy assistant manager and I had an interest in gaining expertise, training and

5

> expertise in other activities and essentially not going back to a function that I had already–in an area that I'd already supervised and understood.

(Admin. Rec. p. 561) The parties clearly disagree on the meaning of Wright's testimony. The plaintiff argues that his testimony establishes the position he was offered was a demotion while the defendant argues that it was simply an area of work he did not want to pursue.

Summary judgment is only proper where there is no genuine issue of material fact. This Court finds that there are genuine issues of material fact as to whether or not the position offered to Wright was a demotion and whether Frizzell was forced into taking a position he did not want and whether any one of these provides an inference of racial discrimination. Considering the evidence in the light most favorable to the plaintiff, this evidence is sufficient to avoid summary judgment on plaintiff's failure to promote claim. Having determined that there are genuine issues of material fact as to plaintiff's failure to promote claim, this Court does not need to address any of the plaintiff's other objections regarding this claim.

**Failure to Promote vs. Non-Selection**

Defendant argues that the plaintiff improperly seeks to characterize this as a "failure to promote" case rather then a "non-selection" case. In his memorandum in support of summary judgment the defendant states that his "[r]esearch has revealed no precedent for a Title VII challenge to a reorganization brought by someone outside the restructured component." (At p. 18) Defendant then proceeds to analyze plaintiff's claim under a failure to promote framework conceding, at least for the purposes of this motion, "that Plaintiff is a member of the protected class and . . . if the position had been advertised as a vacancy with open competition, Plaintiff would have been qualified." (Memorandum at p. 20).

The Magistrate Judge found defendant's argument that "the normal failure to promote prima

6

facie case is not applicable in this case because there never was any open position for Plaintiff to be promoted into" not convincing. (Report p. 9) The Magistrate Judge disagreed with the defendant's argument that there was no new position created. In fact, Sandra Coleman, a Personnel Management Specialist in the HR Management and Development Division at SRS testified at the administrative hearing that several individuals, including the plaintiff, were discussed as possible candidates to fill the Personnel Officer position at issue.

This Court find's defendants's argument that there was no position available to plaintiff to have been promoted into not supported by the evidence. Additionally, the Court believes that the defendant may be making a distinction without a difference. In a non-selection case, in order to establish a *prima facie* case, a plaintiff must establish:

1. He belongs to a protected class,

2. He applied and was qualified for a job for which the employer was seeking applicants,

3. Despite his qualifications, he was rejected, and

4. After his rejection, the position remained open and the employer continued to seek applicants from persons of his qualifications.

*EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 851 (4th Cir. 2001). While in a failure to promote case, in order to establish a *prima facie* case, a plaintiff must establish:

1. He belongs to a protected class,

2. He applied, or sought to apply, for an open position,

3. He was qualified for the position; and

4. The circumstances surrounding the plaintiff's rejection raise an inference of unlawful discrimination.

*Amirmokri v. Baltimore Gas & Electric Co.*, 60 F.3d 1126 (4th Cir. 1995); *Carter v. Ball*, 60 F.3d 450

7

(4th Cir. 1994). The Fourth Circuit has held that the exact standard to be used in establishing a *prima facie* case is flexible, depending on the factual situation and claim alleged. *See Ennis v. National Ass'n of Business and Education Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995). While it is true that the elements may differ slightly, this Court finds that the regardless of whether it is characterized as a failure to promote or a non-selection case, plaintiff has shown a *prima facie* case.

**Retaliation Claim**

The defendant alleges:

Plaintiff rests his retaliation claim on the fact that he was not selected for the GS-14 Personnel Officer position in 1992, when Sara Larson was selected through the competitive selection process. Plaintiff submitted an application on April 19, 1992, he was qualified, made the list of eligible candidates, and was interviewed but he was not selected. Mr. Joel Cote was the selecting official. This was not a failure to promote but a non-selection.

(Defendant's Objections p. 2) In his response, the plaintiff contends that he does not "rest" his retaliation claim on what happened in 1992.

The Court first notes that this objection is addressing the plaintiff's retaliation claim, not his failure to promote/non-selection claim. In order to establish a *prima facie* case for retaliation, the plaintiff must establish that: (1) he engaged in protected activity; (2) the defendant took an adverse employment action against him; and (3) a causal connection existed between the protected activity and the adverse action. *Bryant*, 333 F.3d at 543. The protected activity in the instant case is the plaintiff's filing of a previous race discrimination law suit in this Court, which was transferred to this Court from the Southern District of Georgia in 1996 and was concluded in 1997.[1] The alleged adverse employment action was the defendant's failure to promote the plaintiff to the Personnel

---

[1] The plaintiff appealed the granting of summary judgment in favor of defendant and the Fourth Circuit Court of Appeals affirmed the District Court by Order issued May 4, 2000. *See Gilyard v. U.S. Dept. of Energy*, No. 97-2362 (May 4, 2000).

Office position in 1997. *See Bryant*, 333 F.3d at 544 ("[i]t has long been clear that a failure to promote an employee constitutes an adverse employment action for the purposes of § 2000e-3"). That plaintiff's name was discussed, but not selected, does not negate the fact that a failure to promote can constitute an adverse employment action.

**Causation**

The defendant alleges several ways in which the plaintiff has failed to show a causal connection between the 1992 selection of Sara Larson as Personnel Officer and the alleged retaliation in the instant case. First, defendant argues that Joel Cote made the decision to select Larson in 1992 and he left SRS in 1996. Additionally, "[a]lthough Dr. Fiori was referenced in the federal court complaint challenging the 1992 non-selection, there is no evidence that Dr. Fiori was aware of the on-going litigation." (Defendant's Objections p. 2) Second, defendant alleges that Greg Rudy and Brent Armstrong made the decision to consolidate the personnel and training functions and neither of them were at SRS in 1992 when Larson was selected or in 1995 when she left. Defendant argues that "Armstrong was not aware of Plaintiff's prior complaint in 1997." (Defendant's Objections p. 2) Finally, defendant argues that "[t]he Fourth Circuit has never found ongoing federal court litigation, litigation in which the alleged discriminatory official has not participated, to provide the temporal basis to support the causation element of a retaliation claim." (Defendant's Objections p. 3)

In his response, plaintiff argues that Dr. Fiori certainly knew of the on-going litigation because his deposition was taken for that case in late 1996. "Moreover, Brent Armstrong, a Deputy Manager, knew of Gilyard's continuing discrimination action arising [out] of the 1992 PO position" because Gilyard specifically told him about the pending case. (Plaintiff's Response to Defendant's Objection p. 2) Additionally, plaintiff argues that "[w]hether Greg Rudy and Armstrong were present in 1995

9

is irrelevant; they were present in 1997 and were involved in the decision to promote the unqualified Frizzell and changing the record to 'qualify' him for the position. Armstrong's actual knowledge of Gilyard's pending discrimination [case] is surely imputed to DOE-SR." (Plaintiff's Response to Defendant's Objection p. 2)

The causal requirement may be established by the close proximity in time of the protected activity and the adverse employment activity. *See Matvia v. Bald Head Island Mgmt., Inc.*, 259 F.3d 261, 271 (4th Cir. 2001); *Tinsley v. First Union Natl. Bank*, 155 F.3d 435, 443 (4th Cir. 1998); *Williams v. Cerberonics*, 871 F.2d 452, 457 (4th Cir. 1989). In fact, "very little evidence of a causal connection is required to establish a *prima facie* case of retaliation. *Tinsley*, 155 F.3d at 443. The defendant is correct that five (5) years passed between plaintiff complaining about not receiving the promotion in 1992 and his failure to receive the position in 1997 at issue in this case. However, plaintiff's lawsuit concerning the 1992 promotion was still pending at the time of the employment decision at issue here. In fact, a summary judgment hearing took place in that case on July 24, 1997, a date corresponding directly to the time period during which the promotion decision at issue here was made. Additionally, Fiori, the person who issued the August 8, 1997 memorandum naming Frizzell to the position, was one of the individuals named in plaintiff's then pending lawsuit as having engaged in unlawful conduct. This Court finds that for purposes of this summary judgment motion, plaintiff has satisfied the less demanding burden of establishing a *prima facie* case of causality.

**Legitimate, Non-discriminatory Reason for Defendant's Actions/Pretext**

Defendant argues that "Drouin[2] recognized that, in a competitive selection process, previously unrecognized candidates may apply and be the best qualified. He was not concerned about that in the

---

[2] Bryan Drouin was branch chief at SRS and in 1998 served as EEO counsel for the EEO charge brought by Gilyard.

summer of 1997, the time of the reorganization." (Defendant's Objections p.3) The plaintiff alleges in his Response that "Armstrong did not want to open the Personnel Officer Position for competitive placement because he feared that Frizzell would not be selected." (Plaintiff's Response to Defendant's Objections p. 3)

The Magistrate Judge concluded that the defendant did provide a legitimate, non-discriminatory reason for its actions. However, the Magistrate Judge also concluded that plaintiff had established pretext, which is what the defendant takes issue with. To establish pretext the plaintiff must show that "but for" his employer's intent to retaliate against him, he would not have suffered the adverse employment action. *EEOC v. Clay Printing*, 955 F.2d 936, 941 (4th Cir. 1992). "Direct or indirect evidence of discriminatory motive may do, but 'the evidence as a whole . . . must be sufficient for a reasonable fact-finder to infer that the employer's decision was motivated by [retaliatory animus].'" *LeBlanc v. Great American Insurance Co.*, 6 F.3d 836, 843 (1st Cir. 1993).

Considered in the light most favorable to the plaintiff as the non-moving party, the evidence shows that plaintiff had been a long-time employee of the defendant and that he sought and was qualified for promotion to the Personnel Officer position. The evidence further shows that plaintiff filed a race discrimination claim when he was passed over for a position in favor of a white female in 1992 against the defendant alleging Fiori and others had engaged in unlawful activity and conduct. Defendant argues that the there was no need for a competitive selection process because it was a "reorganization." Considering the evidence in the light most favorable to the plaintiff, this evidence is sufficient to avoid summary judgment on plaintiff's retaliation claim.

## Conclusion

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.

*Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The Court overrules defendant's objections, adopts the Report and Recommendation as to plaintiff's retaliation claim, and incorporates it herein by reference. The Court respectfully declines to adopt the Report as to plaintiff's failure to promote claim and sustains plaintiff's objections. Accordingly, defendant's motion for summary judgment is **DENIED**.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

June 7, 2005
Florence, South Carolina