UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| William Gilyard, III, | ) | Civil Action No.: 1:03-1490-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Secretary of the Department of Energy, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the motion of defendant for costs as a result of a jury verdict in its favor in the above captioned case on August 29, 2005. Defendant filed a Bill of Costs on September 12, 2005, and an Amended Bill of Costs on September 16, 2005. Defendant is seeking witness fees in the amount of $4,526.59 and deposition costs in the amount of $1,413.55 for a total of $6,040.14. Plaintiff filed a Response in Opposition to the award of costs on September 23, 2005, and objected on the basis that there was inadequate documentation and further, the Court should exercise its discretion and deny costs to the prevailing party. Based upon plaintiff's claim of inadequate documentation and upon the request of the Court, defendant filed documentation of the taxable costs it seeks, including witness fees and deposition costs incurred.

Prevailing parties are entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides: "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs and there exists a presumption to that affect. *Cherry v. Champion Intl. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). An award of costs should be entered if a listed expense is

authorized by statute, and is reasonably necessary. Those expenses which may be taxed are listed in 28 U.S.C. § 1920 and Local Civil Rule 54.03. 28 U.S.C. § 1821 sets forth the per diem, mileage, subsistence, and attendance fees for witnesses generally.

A district court "may not depart from the normal practice of awarding fees to the prevailing party [who has requested costs] without first articulating some good reason for doing so." *Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990). Costs may be denied only when there would be an element of injustice in a presumptive cost award. *See Delta Air Lines v. August*, 450 U.S. 346, 355 (1981). While a district court has discretion pursuant to Rule 54(d)(1) in awarding costs, the phrase "unless the court otherwise directs," has been defined more specifically to mean that "only misconduct by the prevailing party worthy of a penalty . . . or the inability to pay will suffice to justify denying costs." *Congregation of The Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) (*cited with approval by Cherry*, 186 F.3d at 446). Additional factors to justify the awarding of costs include their excessiveness in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided. *See Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994).

Plaintiff initially states in response to the Bill of Costs that he cannot verify the correctness of the amounts set forth in that document. Since the appropriate documentation has been filed with the Court, this response no longer has any merit. Additionally, plaintiff has not questioned or filed any response objecting to the supplemental documentation verifying the costs filed by the defendant.

As grounds for denial of costs plaintiff first asserts that the testimony of defendant's witnesses was based on the "changed SF-171" and was, therefore, improper. This Court does not believe that it erred in allowing the testimony of defendant's witness as to events which occurred after the employment decision was made in August of 1997. Furthermore, defendant's witnesses indicated that

the SF-171 relied on stated Frizzell's qualifications as of August of 1997 and was not a "changed SF-171" as alleged by the plaintiff and is mischaracterized by the plaintiff. There was extensive and full cross-examination on this issue.

Additionally, plaintiff asserts that costs should be denied because his "pursuit of this case was not frivolous, unreasonable, or groundless." In making this argument, plaintiff relies on *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978). However, *Christiansburg* is inapplicable. In *Christiansburg*, the United States Supreme Court held that when considering a motion under 42 U.S.C. § 2000e-5(k) for **attorney's fees** "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg*, 434 U.S. at 421. In the instant case, defendant is not seeking attorney's fees, but rather the usual taxable costs allowable under Local Rule 54.3, Federal Rule of Civil Procedure 54, and 28 U.S.C. § 1920, witness fees, and deposition costs, and in which there is a presumption of entitlement to by the prevailing party, here the defendant. Defendant in our case has filed a Bill of Costs pursuant to Rule 54 and 28 U.S.C. § 1920. Plaintiff fails to satisfactorily set forth an applicable ground recognized by this Circuit, which precludes the taxation of costs.

The Court has reviewed the Bill of Costs and documentation as well as plaintiff's response. For the reasons stated above, defendant is awarded costs in the amount of $6,040.14.[1] These costs shall be included in the judgment of this Court.

---

[1] The Court has independently calculated the amount of taxable costs which appear to be in excess of $7,000.00. However, since defendant only claims $6,040.14, and, therefore, that is the amount awarded.

**AND IT IS SO ORDERED.**

                                       s/ R. Bryan Harwell
                                       R. Bryan Harwell
                                       United States District Court Judge

November 7, 2005
Florence, South Carolina